

# *In the*
# *Missouri Court of Appeals*
## *Western District*

| | | |
|---|---|---|
| **BRYAN L. OLIVER,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **V.** | ) | **WD87471** |
| | ) | |
| **LINDSAY KING,** | ) | **OPINION FILED:** |
| **F/K/A LINDSAY OLIVER, DEFENDANT,** | ) | **FEBRUARY 25, 2025** |
| **STATE OF MISSOURI,** | ) | |
| **DEPARTMENT OF SOCIAL SERVICES,** | ) | |
| **FAMILY SUPPORT DIVISION,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Cotton Walker, Judge

Before Division One:  Gary D. Witt, Presiding Judge, Lisa White Hardwick, Judge and
Edward R. Ardini, Jr., Judge

Bryan L. Oliver ("Oliver") appeals the judgment from the Circuit Court of Cole

County, Missouri ("circuit court"), affirming the final decision from an Administrative

Hearing Officer who affirmed the Missouri Department of Social Services, Family

Support Division's ("FSD") issuance of an income withholding order for past-due child

support and spousal support.  In his sole point on appeal, Oliver asserts the circuit court

erred in affirming the hearing officer's decision because it was unsupported by competent

and substantial evidence because the record reflected Oliver paid more than his total accrued obligation. We affirm the judgment of the circuit court.

<strong>Factual and Procedural Background</strong>

Oliver and Lindsay King ("Mother") are divorced and share a minor child. On October 4, 2013, a temporary support order was filed in the District Court of Johnson County, Kansas, which ordered Oliver to pay spousal support in the amount of $458 per month and child support in the amount of $247 per month. Subsequently, Oliver's obligation for spousal support ended, and his obligation for child support was temporarily suspended on March 17, 2014. On April 1, 2014, Oliver's obligation to pay child support was reinstated in the amount of $50 per month. No child support accrued between February 2015 and December 2015 because the child was placed with Oliver. Oliver's child support obligation was modified to $549 per month beginning on January 1, 2016. Oliver's obligation then decreased to $266 per month beginning August 1, 2017.

Enforcement of Oliver's support obligation was transferred from Kansas to Missouri FSD in March 2019. From November 2022 through March 2023, Oliver's child support obligation was $412 per month. Oliver's child support obligation was again modified to $566 per month beginning on April 1, 2023.

On August 24, 2023, FSD issued an income withholding order to Oliver's then employer, ordering it to withhold and pay over a total past-due amount of $68,248. FSD issued an amended income withholding order on September 7, 2023, changing Oliver's arrears amount to $20,341. Subsequently, Oliver requested an administrative hearing on the matter to determine whether FSD had the statutory authority to issue the amended

2

income withholding order and whether the amount determined was correct. An administrative hearing officer held a virtual hearing on November 9, 2023, with Oliver, Mother, and an FSD Benefit Program Technician participating.

Oliver asserted FSD's amended income withholding order was incorrect because he only owed $104.20 as of the date of the hearing. FSD acknowledged that the agency miscalculated Oliver's arrearage in its September amended income withholding order and that it made subsequent adjustments. FSD presented: FSD support calculation summaries; Kansas arrears calculation worksheets; and a Kansas payment history report. The Kansas records showed, at the time enforcement was transferred from Kansas to FSD, Oliver paid $13,165.60 of his total obligation, with $7,581.40 remaining to be paid. FSD explained that it erroneously added Oliver's Kansas arrears ($7,581.40) to its support calculation summaries, but this error was fixed. FSD's support calculation summaries indicated that it credited Oliver with payments he made to Kansas, in the amounts of $2,926 in March 2019, and $10,239.60 in September 2023, equaling $13,165.60.

On November 22, 2023, the hearing officer affirmed FSD's issuance of the September 7, 2023 amended income withholding order. Based on the evidence, Oliver had accrued a total support obligation of $37,375 since October 2014; $34,627 of child support and $2,748 of spousal support. Moreover, the hearing officer found: Oliver paid a total of $34,855 toward all of his support obligations by September 7, 2023; FSD properly credited Oliver with all of his payments made from Kansas; and Oliver owed a total arrearage of combined past-due child support and spousal support of $2,520.

3

Oliver timely filed a petition for judicial review in the circuit court on December 19, 2023.  Upon review of the entire record, the circuit court found the hearing officer's decision was made upon lawful procedure; was authorized by law; it was not arbitrary, capricious, or unreasonable; that it was not an abuse of discretion; and it was supported by competent and substantial evidence upon the whole record.  The circuit court affirmed the administrative decision.  This appeal follows.

**Standard of Review**

On appeal from an administrative agency's decision, this Court reviews the agency's decision and not the circuit court's judgment.  *Henderson v. Dep't of Soc. Servs.*, 626 S.W.3d 267, 270 (Mo. App. W.D. 2021).  We presume the agency's decision is correct, and the burden is placed on the party challenging the decision to show otherwise. *Unruh v. State Bd. of Nursing*, 618 S.W.3d 634, 636 (Mo. App. W.D. 2020).  "Our review is limited to a determination of whether the administrative decision was constitutional, was supported by competent and substantial evidence upon the whole record, was authorized by law, was made upon lawful procedure, was not arbitrary, capricious, or unreasonable, or was not an abuse of discretion."  *Henderson*, 626 S.W.3d at 270; *see* Section 536.140.[1]  When reviewing an agency's factual findings, we must consider all of the evidence that was before the agency.  *Ferry v. Bd. of Educ. of Jefferson City Pub. Sch. Dist.*, 641 S.W.3d 203, 206 (Mo. banc 2022).  "In reviewing an agency's findings of fact, this Court defers to the agency's credibility determinations and

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as currently updated by supplement.

the weight given to conflicting evidence." *Id.* We will defer to an agency's factual findings if there is "sufficient competent and substantial evidence in the record to support them, and they are not contrary to the overwhelming weight of the evidence." *Id.* (internal citation and quotation omitted).

**Analysis**

In his sole point on appeal, Oliver asserts the circuit court erred in affirming the administrative hearing officer's decision that Oliver owed an arrearage of $2,520 as of September 7, 2023, because this decision was unsupported by competent and substantial evidence upon the whole record. Oliver asserts that the record shows he paid a total of $37,781 toward his total accrued obligations for child and spousal support, resulting in an overpayment of $406. We find the hearing officer's decision was supported by competent and substantial evidence.

Oliver does not dispute that since October 2014 he accrued a total support obligation of $37,375 including child and spousal support. Oliver further does not challenge the various support orders that modified his support obligation over time, or the amounts or timing of each modification. Moreover, there is no dispute that at the time enforcement was transferred from Kansas to FSD, Oliver had paid $13,165.60 toward his obligation. Oliver, however, disputes FSD's calculation as to how much Oliver paid life-to-date toward his obligation. Oliver argues FSD miscalculated payments Oliver made since enforcement was transferred to it and asserts he paid $24,615.40 toward his total obligation, not $21,689.40 as the hearing officer found. Thus, Oliver asserts he does not owe any more past-due support, but rather he has overpaid. Oliver asserts that not only is

5

there no competent and substantial evidence in the record to support the hearing officer's decision, but "there is in fact *no evidence at all*" to support it. (emphasis original).

Oliver appears to rely on FSD's support calculation summary created on September 6, 2023, which indicates he paid $24,615.40 since enforcement was transferred from Kansas to FSD. According to Oliver, when adding his Kansas credit ($13,165.60) with his payments to FSD ($24,615.40), it reflects that he paid $37,781 toward his total accrued obligation. When reaching his conclusion, Oliver seems to ignore the fact FSD's summary already includes a $2,926 credit from his previous payments to Kansas. In other words, Oliver is *twice* accounting for the Kansas credit of $2,926 to support his assertion that FSD's income withholding order and the hearing officer's decision were incorrect. Oliver has failed to show the administrative hearing officer's decision was not supported by substantial and competent evidence. *See Unruh*, 618 S.W.3d at 636.

Here, the hearing officer considered evidence from Oliver and FSD. Based on the evidence presented, the hearing officer found Oliver had accrued a total support obligation of $37,375 since October 2014. According to Kansas records Oliver had paid $13,165.60 as of April 1, 2019. Between April 1, 2019, and September 7, 2023, FSD's records showed Oliver paid an additional $21,689.40 toward his support obligation.[2] The hearing officer thus concluded: Oliver paid a total of $34,855 toward all of his support

---

[2] As noted, Oliver included some of his Kansas credit ($2,926) when concluding he paid $24,615.40 since enforcement was transferred to FSD. Thus, subtracting this credit from Oliver's alleged payment to FSD equals $21,689.40.

obligations by September 7, 2023; FSD properly credited Oliver with all of his payments made through Kansas; and Oliver owed a total arrearage of combined past-due child support and spousal support of $2,520. Additionally, the hearing officer found FSD fixed its mistake of adding an improper amount to Oliver's life-to-date obligation owed. Therefore, substantial and competent evidence supports the administrative hearing officer's decision in concluding Oliver's arrearage amounted to $2,520 and affirming FSD's issuance of an income withholding order.

## Conclusion

We affirm the judgment of the circuit court.

_____
Gary D. Witt, Presiding Judge

All concur

7